## Potter *v.* Greenberg, Appellant (No. 1).

*Promissory note—Contract—Order by contractor on building—Acceptance —Statute of frauds.*

Where a contractor draws an order on a builder payable sixty days after the termination of the contract, and the builder accepts the order in favor of a material man of the contractor, but before the completion of the contract gives the material man a promissory note on account of the order, the owner will be deemed to have waived the order to the amount of the note, and will be liable on the note.

Argued Dec. 18, 1903. Appeal, No. 120, Oct. T., 1903, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1901, No. 210, dismissing exceptions to report of referee in case of Jacob F. Potter to use of Charlotte F. Potter v. Solomon Greenberg. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of John C. Bell, Esq., referee.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to report of referee.

*J. Quincy Hunsicker*, for appellant.—As between the parties to the note, either failure or want of consideration are good defenses: Barnet v. Offerman, 7 Watts, 130 ; Harrisburg Bank v. Meyer, 6 S. & R. 537 ; Conmey v. Macfarlane, 97 Pa. 361.

A waiver never occurs unless intended, or where the act relied upon ought in equity to estop the party from denying it : Diehl v. Adams Co. Mut. Ins. Co., 58 Pa. 443–452.

Moreover, to establish a waiver of the condition in the acceptance, which is a written paper, the evidence ought to be

clear, precise and indubitable, sufficient to warrant a reformation of the acceptance : West v. Platt, 127 Mass. 367...

*William W. Porter,* with him *Charles L. Smyth* and *Russell Duane,* for appellee.

OPINION BY MORRISON, J., March 14, 1904 :

In 1900 the defendant was engaged in the erection and construction of a large number of buildings on Myrtlewood street in the city of Philadelphia, and he entered into a contract with McCorkell and Brother, contracting plasterers, to perform all of the work and labor and supply the necessary materials required to plaster the said buildings. On August 30, 1900, the plaintiff and William McCorkell, representing his firm, called upon the defendant and by arrangement with him an order was drawn by McCorkell and Brother in favor of the plaintiff on the defendant for the sum of $1,500 payable sixty days after McCorkell and Brother should finish the plastering job, and this order was duly accepted by the defendant in writing on the same day. The said sum of $1,500 to be charged by the defendant to the account of McCorkell and Brother. The purpose of this transaction was to secure the plaintiff for such material as he should furnish to the drawers of the order.

The plaintiff then commenced and continued the delivery of materials to McCorkell and Brother until September 25, 1900, when he stopped the delivery and requested the defendant to give him a note on account. After some negotiation the defendant executed the note upon which this suit is based. It was made payable to the order of McCorkell and Brother for $400 due four months from October 5, 1900, and it was duly indorsed and transferred to the plaintiff in accordance with the understanding at the time. The defendant failed and refused to pay the note at maturity and this suit was brought for the collection of the same and after issue joined, the case was referred to John C. Bell, Esq., as referee. Mr. Bell having heard the parties and their proofs found the facts and conclusions of law against the defendant and recommended judgment against him for the amount of the plaintiff's claim with interest and costs. The defendant filed a large number of excep-

tions which were argued and considered by the learned court below and all dismissed and judgment directed in accordance with the report of the referee. The defendant then appealed to this court and his learned counsel has assigned twenty-one errors.

The questions for consideration are simplified and narrowed down by the statement of the learned counsel himself, of the questions involved as follows: 1. Whether under the circumstances there was any consideration for the note. 2. If there was a consideration whether it had not failed, and, 3, whether the defendant by giving the note waived the performance of the order and acceptance as to that much thereof.

The learned referee found upon ample evidence that at the date of the delivery of the note there was due and unpaid to the plaintiff for materials then furnished $751.28; that the note was given for the purpose of paying the plaintiff $400 upon this account, and it is difficult for us to understand why it is contended that there was a want of consideration for the note. It is true the order for $1,500 was not to be due and payable until sixty days after McCorkell and Brother had completed their contract, but it was entirely competent for the defendant, if he saw fit, to waive this and agree to make payment at an earlier date. The learned referee has found that in giving the note the defendant waived his right to wait until the job was entirely completed before paying any part of the $1,500. The fact is specifically found that the $400 note was given on account of the $1,500 order and a receipt taken from the plaintiff to apply thereon.

If the note was not to be paid at maturity it is difficult to understand why it was given, and we think the learned referee could not well have found otherwise than that it was a payment on account of money then due and owing to the plaintiff.

This is not the agreement of the defendant to pay the debt of another, but simply by arrangement with his creditors McCorkell and Brother, to pay so much of their earnings to the plaintiff, therefore it cannot be said that the statutes of frauds and perjuries raises any obstacle to the plaintiff's recovery. Moreover, the undertaking of the defendant is in writing, to wit: the order of August 27, 1900, and its acceptance by the

defendant, and the note of October 5, 1900, signed by the defendant. In addition to this we do not understand the defendant to claim that McCorkell and Brother had not earned the amount of the note, and more, before this suit was brought.

When the plaintiff proved the execution of the note and offered it in evidence he made a prima facie case and the burden of overthrowing it was cast upon the defendant. The learned referee found against the alleged defense set up by the defendant. A careful examination of the whole case convinces us that there is no error in this conclusion. We have carefully examined the testimony, findings of fact, conclusions of law and the twenty-one assignments of error and do not feel called upon to discuss these assignments separately. If there is any serious error in this record we have failed to discover it.

The assignments of error are all dismissed and the judgment is affirmed.